# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | |
| Howard Lewis Lapides, | BKY Case No. 09-45327-NCD |
| Debtor. | Chapter 7 case |
| _____ | |
| Venture Bank, | ADV No. 11-04227-MER |
| Plaintiff/Counter-Defendant, | |
| v. | |
| Howard Lewis Lapides and | **ORDER DENYING REQUEST FOR** |
| Mary Holter-Lapides, | **ADDITIONAL FEES AND COSTS** |
| Defendants/Counter-Claimants. | |

At Minneapolis, Minnesota, January 7, 2016.

This adversary proceeding came on for hearing before the Court on November 4, 2015, on the motion of Howard Lapides ("Defendant" or "Mr. Lapides") to "confirm attorneys' [sic] fees in the bankruptcy court and for additional attorney's fees and costs relating to plaintiff's appeals,"[1] (the "Motion"), together with the response thereto by Venture Bank ("Plaintiff"). At the conclusion of the hearing, the Court ruled as follows:

1. Plaintiff was ordered to pay to Defendant $111,106.90 for his attorney's fees incurred during the adversary proceeding before this Court.

2. Plaintiff was ordered to pay to Defendant $3,579.50[2] for costs incurred

---

[1] Additional background may be found in the opinion of the Eighth Circuit Court of Appeals. Venture Bank v. Lapides, 800 F.3d 442 (8th Cir. 2015).

[2] On October 8, 2015, Defendant filed a bill of costs with the Clerk in this exact amount. ECF No. 111. Given the Court's prior ruling, no action by the Clerk is required regarding the Defendant's bill of costs. See ECF No. 115. Cf. Bankr. D. Minn. R. 7054-1 ("*Costs - Taxation/Payment* Fifteen days after the prevailing party has served and filed a

during the adversary proceeding before this Court.

3. Plaintiff was ordered to pay interest charges of $13,456.66 that had accrued on Defendant's legal fees and costs.

4. As to the remaining requests for an award of attorney's fees in the District Court and the United States Court of Appeals for the Eighth Circuit, and for attorney's fees in bringing the Motion (collectively, the "Appellate Fees"), Plaintiff and Defendant were invited to provide supplemental briefing on that issue.[3]

Based on all the files, records, and proceedings herein, together with the supplemental memoranda from the parties, the matter is now ready for disposition.

## DISCUSSION

The main issue presented is whether the act of taking an appeal from an order finding a violation of the discharge injunction is a further violation of the discharge injunction, and secondarily, whether the Court has the authority to award the Appellate Fees at issue.

Section 524(a)(2) of the Bankruptcy Code provides that "[a] discharge in a case under

---

verified bill of costs under 28 U.S.C. §§ 1920 and 1924, the clerk shall tax costs under Federal Rule of Bankruptcy Procedure 7054(b), Federal Rule of Bankruptcy Procedure 8014, or Fed. R. App. P. 39 only if the court allows costs to the prevailing party. On motion of any party served and filed within seven days after the clerk enters judgment taxing costs, the action of the clerk may be reviewed by the court."); Fed. R. Bankr. P. 7054(b) ("(b) *Costs; Attorney's Fees.* (1) *Costs Other Than Attorney's Fees*. The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides. Costs against the United States, its officers and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on 14 days' notice; on motion served within seven days thereafter, the action of the clerk may be reviewed by the court. (2) *Attorney's Fees.* (A) Rule 54(d)(2)(A)-(C) and (E) F.R.Civ.P. applies in adversary proceedings except for the reference in Rule 54(d)(2)(C) to Rule 78.(B) By local rule, the court may establish special procedures to resolve fee-related issues without extensive evidentiary hearings.").

[3] See ECF No. 115. Simultaneous briefs were to be submitted by November 20, 2015, which was later extended by the Court–on the parties' request–to November 23, 2015; that same day, the parties submitted their supplemental briefs. Thereafter, the Court took the issue related to the Appellate Fees under advisement.

this title– . . . (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]" 11 U.S.C. § 524(a)(2). Defendant maintains that the taking of an appeal[4] from an order finding a violation of the discharge injunction is a further violation of the discharge injunction. In his supplemental memorandum, Defendant concedes that "if the Court determines that the appeals are not violations of the discharge injunction as the Court did in *In re Clay*, then no further analysis needs to be done since Lapides's motion seeks sanctions for violations of the discharge injunction. See In re Clay, 334 B.R. 623, 626 (Bankr. C.D. Ill. 2005)." ECF No. 118 at 3.

> Generally speaking, the
>
> Bankruptcy Code does not expressly provide a remedy for a violation of the discharge injunction. The majority of the courts have held that, while § 524 does not create a private cause of action for violation of the discharge injunction or authorize a monetary award of compensatory or punitive damages, a creditor may be found in contempt and sanctioned for violating the discharge injunction. Proof of contempt requires proof the creditor acted willfully. Courts are divided on the question of whether a debtor may recover emotional distress damages for a violation of the discharge injunction and the question of whether punitive damages are available.

Feeney, Williamson, and Stepan, *Bankruptcy Law Manual* § 8:2 (5th ed. 2015) (footnotes omitted).

Unlike § 362(k),[5] which specifically provides for an award of attorney's fees, § 524 lacks

---

[4] Here, Defendant seeks fees for defending Plaintiff's appeal in the district court, as well as the appeal to the court of appeals.

[5] 11 U.S.C. § 362(k) ("(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against

such counterpart. The Court is reluctant to extend *Schwartz-Tallard*'s reasoning regarding an appellate fee award, even in a corollary sense, to the facts underlying a discharge violation.[6] But even in a more basic sense, to suggest that the mere act of taking an appeal from an order finding a violation of the discharge injunction is a further violation of the discharge injunction, absent some other indicia of bad faith, e.g., such as a truly frivolous appeal, cuts against the grain of a litigant's right to appeal. It is also contrary to the concept of fundamental fairness regarding a litigant's right to appeal an adverse ruling. Moreover, Defendant's argument conveniently ignores the fact that he also cross-appealed in this case. ECF No. 85.[7] Here, because Defendant concedes that it is not seeking an award based on a frivolous appeal by Plaintiff [ECF No. 118 at p.2], the Court concludes that the act of taking an appeal from an order finding a violation of the discharge injunction is not a **further** violation of the discharge injunction in this case. In short, what's good for the goose is good for the gander.

Even if an appeal from an order finding a violation of the discharge injunction could be

---

such entity shall be limited to actual damages."). See also In re Schwartz-Tallard, 803 F.3d 1095 (9th Cir. 2015) (holding that § 362(k) authorizes an award of attorney's fees incurred in prosecuting an action for damages, such that the debtor was entitled to recover attorney's fees reasonably incurred in opposing a loan servicer's appeal).

[6] This Court concludes that In re Nobriga, No. 11-12469, 2014 WL 25725, at *1 (Bankr. N.D. Cal. Jan. 2, 2014), was wrongly decided when one considers Ninth Circuit precedent. Additionally, the bankruptcy court in *Nobriga* did not satisfactorily reconcile the distinction between the mandatory relief for a stay violation, and the discretionary relief for a discharge violation. *Nobriga* appears to have reasoned that cases under § 362 are applicable to cases under § 524, when the authority in the Ninth Circuit is to the contrary. *Nobriga* is not controlling precedent in its own circuit, and the Court declines to embrace its reasoning in this case. In short, this Court is not persuaded by *Nobriga*.

[7] Indeed, the Court finds it somewhat disingenuous for Defendant to attempt to attach some nefarious character to Plaintiff's appeal–in the sense of it being a further violation of the discharge injunction–when Defendant himself cross-appealed.

considered a continuing violation of the injunction, there is a more fundamental reason to deny debtor's motion: Defendant is seeking the Appellate Fees in the wrong court, per Fed. R. Bankr. P. 8020 (district court or bankruptcy appellate panel may award) and per Fed. R. App. P. 38 (court of appeals may award). "Trial courts lack authority to impose sanctions for an appellant's behavior." In re Wonder Corp. of Am., 81 B.R. 221, 225 (Bankr. D. Conn. 1988). In a case directly on point, the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") ruled that the bankruptcy court is precluded from awarding appellate attorney fees by the Federal Rules of Appellate Procedure. In re Wallace, No. BA NV-10-24125-LBR, 2014 WL 5438826, at *1 (B.A.P. 9th Cir. Oct. 28, 2014). In *Wallace*, the bankruptcy court found a party in contempt for violating the § 524 discharge injunction, and awarded damages and attorney fees, which were upheld on appeal. Thereafter, the debtors moved to reopen their case to request additional sanctions for attorney fees and costs incurred in defending the contempt order on appeal. The BAP ruled that "bankruptcy courts have discretionary authority to award fees at the trial level under § 105(a) and not on appeal." Id. at *3. The only authority for awarding fees on appeal belongs to the appellate courts under Rule 38 of the Federal Rules of Appellate Procedure and Rule 8020 of Federal Rules of Bankruptcy Procedure. This Court has no business usurping such authority. Awarding appellate attorney's fees is solely a function of the appellate courts. Neither the district court nor the court of appeals has done so here.

Defendant's reliance on § 105(a) is also unavailing. Indeed, *Wallace* relied on *In re Del Mission Ltd.*, in which the Ninth Circuit held "§ 105(a) does not authorize an award of previously incurred appellate fees as a sanction." In re Del Mission Ltd., 98 F.3d 1147, 1152 (9th Cir. 1996). And as the Ninth Circuit found, §105 does not authorize an award of previously

incurred appellate fees as a sanction.  See also In re Vasseli, 5 F.3d 351, 353 (9th Cir. 1993) ("The appellate court, not the bankruptcy court, has the authority under Rule 38 to award damages for a frivolous appeal.").  The Ninth Circuit reasoned that:

> [B]ecause an award under § 105(a) is discretionary, its use as a device to award previously incurred appellate fees would overlap with Rule 38. Under either authority, a court would be required to consider the merits of the arguments advanced and the manner in which the parties acted in determining whether to award fees.  Given that Rule 38 already provides for a discretionary award of fees in frivolous appeals, it would be superfluous to treat § 105(a) as another vehicle to award appellate fees. In accord with *Vasseli*, we therefore hold that the only authority for awarding discretionary appellate fees in bankruptcy appeals is Rule 38.7.

In re Del Mission Ltd., 98 F.3d 1147, 1154 (9th Cir. 1996); In re Clay, 334 B.R. 623, 626 (Bankr. C.D. Ill. 2005) (Debtor's counsel in *Clay* argued—just like Mr. Lapides has argued in the case at bar—that "the additional fees can be awarded pursuant to the original finding of contempt. This Court disagrees.  Although it is clear that this Court can punish contempt and that the original findings of contempt against Beneficial have been affirmed, this Court does not find that Beneficial's appeal of the prior contempt order constituted further contempt which would be punishable by further sanctions.").  See also In re Hoxie, 370 B.R. 288, 293 (S.D. Cal. 2006) (request for appellate fees–in the district court–denied under Rule 8020; citing *Del Mission*). And see In re Horne, No. 14-12047, 2015 WL 6500754, at *4 (11th Cir. Oct. 28, 2015) (discussing appellate fees in context of recusal motion, violation of stay, and discharge injunction) (citing In re Hardy, 97 F.3d 1384 (11th Cir. 1996)).  Cf. In re John Richards Homes Bldg. Co., 552 F. App'x 401 (6th Cir. 2013), *cert. denied sub nom*, 134 S. Ct. 2136 (2014) (11 U.S.C. § 303(i) authorizes bankruptcy courts to award fees for services rendered in direct appeals and in collateral proceedings enforcing judgment after dismissal of involuntary petition).

And as recently stated by the Supreme Court:

> It is hornbook law that §105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." 2 Collier on Bankruptcy ¶105.01[2], p. 105–6 (16th ed. 2013). Section 105(a) confers authority to "carry out" the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits. That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere. See Morton v. Mancari, 417 U. S. 535, 550–551 (1974); D. Ginsberg & Sons, Inc. v. Popkin, 285 U. S. 204, 206–208 (1932). Courts' inherent sanctioning powers arelikewise subordinate to valid statutory directives and prohibitions. Degen v. United States, 517 U. S. 820, 823 (1996); Chambers v. NASCO, Inc., 501 U. S. 32, 47 (1991). We have long held that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of" the Bankruptcy Code. Norwest Bank Worthington v. Ahlers, 485 U. S. 197, 206 (1988); see, *e.g.,* Raleigh v. Illinois Dept. of Revenue, 530 U. S. 15, 24–25 (2000); United States v. Noland, 517 U. S. 535, 543 (1996); SEC v. United States Realty & Improvement Co., 310 U. S. 434, 455 (1940).

Law v. Siegel, 134 S. Ct. 1188, 1194-95 (2014) (footnote omitted). In short, § 105(a) does not support Defendant's request for the Appellate Fees sought.

Additionally, Defendant cites the Supreme Court case of Chambers v. NASCO, Inc., 501 U.S. 32, 56-57 (1991), for the proposition that a district court may grant sanctions for conduct outside of its courtroom. However, that case involved sanctions for repeated bad behavior outside the litigation itself, not for sanctions arising from technical violations of a discharge order. In *Chambers*, the Supreme Court went on to find that sanctions could be awarded for conduct before other tribunals, because the actions complained of were in direct disobedience of a district court order. Specifically, the contemnor attempted to gain the FCC's permission to build a new transmission tower after he had been specifically ordered by the district court to maintain the status quo. The facts in *Chambers* could not be more dissimilar than those

here—Defendant is claiming that Plaintiff's appeal, which it had a clear, legal right to file, was a continuation of its sanctionable conduct. Defendant has not claimed, nor could he, that an award of attorney's fees is warranted due to the "frequency and severity" of Plaintiff's "abuses of the judicial system," i.e., of the sort that concerned the Supreme Court in *Chambers*. Id. at 56. Under the directly applicable authority already recited, this Court does not have the authority to award appellate sanctions. In re Allen- Main Associates, Ltd. P'ship, 229 B.R. 577, 578 (Bankr. D. Conn. 1999) ("a bankruptcy court does not have statutory authority to award attorney's fees and costs incurred in an appeal from the bankruptcy court"). Moreover, as noted, the Supreme Court has recently stated that: "Courts' inherent sanctioning powers are likewise subordinate to valid statutory directives and prohibitions." Law v. Siegel, 134 S. Ct. 1188, 1194 (2014) (citing, *inter alia*, Chambers v. NASCO, Inc., 501 U.S. 32, 47 (1991)).

One remaining policy argument made by Defendant requires comment. Defendant maintains that if the Court does not grant him attorney's fees for the appeals in this case, Defendant will be paying the price for Plaintiff's actions for years to come, a result that is in direct contradiction to the "fresh start" concept of bankruptcy law. The Court disagrees.

At the outset, it must be noted that Defendant still has the protection of his chapter 7 discharge, which remains central to his "fresh start." Additionally, if merely maintaining an appeal of a finding of violation of the discharge order was enough to override the traditional American Rule regarding attorney's fees,[8] it would not simply chill the right to appeal, it would

---

[8] Under the so-called "American Rule," attorney's fees are not ordinarily recoverable by the prevailing litigant in federal litigation. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). See also Chambers v. NASCO, Inc., 501 U.S. 32, at 45-46 (although the American Rule prohibits fee-shifting in most cases, there are exceptions to the rule which fall into three categories: under the "common fund exception," the court can award attorney's fees to a party whose litigation efforts directly benefit others; a court may assess attorney's fees as a sanction for willful disobedience of a court order; and a court may assess attorney's fees when

practically extinguish it.  Such a result would be in contravention of both the law and the equities in this matter.  "A rule permitting a district court to sanction an attorney for appealing an adverse ruling might deter even a courageous lawyer from seeking the reversal of a district court decision."  Matter of Emergency Beacon Corp., 790 F.2d 285, 288 (2d Cir. 1986).  In other words, the appellate court,

> not the district court that rendered the initial decision, should be the judges of whether an appeal is so frivolous as to warrant the imposition of attorneys' fees. If appellees felt that the State's earlier appeal warranted such a sanction, it should have sought relief from us at the time of that appeal. If we had found attorneys' fees appropriate, we could have remanded to the district court for calculation. However, as appellees did not seek relief at that time and we did not consider the issue, we reverse the award of fees for the appeal.

Sierra Club v. U.S. Army Corps of Eng'rs, 776 F.2d 383, 392 (2d Cir. 1985).  To the extent that Defendant relies on the inherent authority of this Court, rather than statutory authority provided by § 524 or § 105, the applicable case law states that this Court does not have the authority to award appellate fees.  The appellate courts are the appropriate forums to decide those matters.

Plaintiff's appeal was not frivolous, as effectively conceded by Defendant in his supplemental memorandum [ECF No. 118 at 2]; therefore, Plaintiff had every right to challenge the bankruptcy court's factual and legal determinations, and to not be sanctioned for that challenge–unless, of course, the appeal was itself found to be frivolous.  No such determination was ever made, nor could such a determination be supported.  Furthermore, Defendant conveniently ignores the fact that he cross-appealed in this case.  ECF No. 85.  In short, Defendant has provided no sustainable reason to depart from the American Rule with respect to the Appellate Fees in this case.

---

party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons).  None of the exceptions to the American Rule have any application whatsoever in the case at bar.

All other arguments made by Defendant for the award of the Appellate Fees are unconvincing, and the Court rejects them.

Accordingly, and for the reasons just articulated,

**IT IS HEREBY ORDERED THAT** Defendant's remaining requests for an award of attorney's fees in the District Court and the United States Court of Appeals for the Eighth Circuit and for attorney's fees in bringing the Motion are **DENIED**.

*/e/ Michael E. Ridgway*
Michael E. Ridgway
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *01/07/2016*
Lori Vosejpka, Clerk, by MJS